UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NATHANIEL HARGROVE

v.  Case No: 8:12-cv-247-T-24-AEP
    8:09-cr-399-T-24-AEP

UNITED STATES OF AMERICA
_____/

**ORDER**

This cause comes before the Court on Petitioner Nathaniel Hargrove's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (CV Doc. No. 1; CR Doc. No. 151). Because review of the motion and the file in the case conclusively demonstrates that Petitioner is not entitled to relief, the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter. 28 U.S.C. § 2255(b).

**I. Background**

On August 20, 2009, a federal grand jury indicted Petitioner on four counts of knowingly and intentionally distributing crack cocaine. (CR Doc. No. 1). At trial, Petitioner testified that he had believed he had been working at the direction of law enforcement when he conducted the drug transactions in question. (See generally CR Doc. No. 122, pp. 213–30). Nonetheless, on March 31, 2010, the jury convicted Petitioner on all four counts. (CR Doc. No. 101). Subsequently, on June 29, 2010, the Court sentenced Petitioner to 240 months' imprisonment. (CR Doc. No. 112).

Thereafter, Petitioner appealed to the Eleventh Circuit on two grounds: first, that the Court erred by denying his motion for judgment of acquittal because he reasonably believed he

acted under the authority of law enforcement; and second, that his sentence was substantively unreasonable. (CR Doc. No. 131). On April 26, 2011, the Eleventh Circuit affirmed, concluding that the Court properly denied Petitioner's motion for judgment of acquittal, and that Petitioner's 240-month sentence was not substantively unreasonable. (CR Doc. No. 131).

On February 6, 2012, Petitioner timely filed the instant § 2255 motion (CV Doc. No. 1).

## II. Discussion

Petitioner raises three claims of ineffective assistance of counsel in his § 2255 motion. First, Petitioner argues that trial counsel was ineffective because she encouraged Petitioner to proceed to trial on a false theory — public authority defense. (CV Doc. No. 1). Second, Petitioner argues that appellate counsel was ineffective for failing to address Petitioner's Kimbrough v. United States[1] argument on appeal. (CV Doc. No. 1). Finally, Petitioner argues that trial counsel rendered ineffective assistance by failing to argue at sentencing that a 240-month sentence was a de facto life sentence. (CV Doc. No. 1).

Claims of ineffective assistance of counsel are cognizable under 28 U.S.C. § 2255. Lynn v. United States, 365 F.3d 1225, 1234 n.17 (11th Cir. 2004) (per curiam). Furthermore, such claims are not procedurally defaulted. Id. In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court created a two-part test for determining whether a defendant received ineffective assistance of counsel:

> First, the movant must show that counsel's performance was deficient. . . . Second, the movant must show that counsel's deficient performance prejudiced the defense. To prove prejudice, the movant must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's

---

[1] 552 U.S. 85 (2007).

2

> unprofessional errors.

Patel v. United States, 252 F. App'x 970, 972 (11th Cir. 2007) (per curiam) (citing Strickland, 466 U.S. at 687, 694). If the petitioner fails to establish either the performance or prejudice prong, the Court need not address the remaining prong. See Strickland, 466 U.S. at 697.

**A. Ground One**

In Ground One, Petitioner argues that trial counsel provided ineffective assistance by concocting a false defense theory and convincing Petitioner to forgo a plea agreement and proceed to trial. (CV Doc. No. 1). Petitioner contends that trial counsel approached him with "an unthinkable and bizarre theory that he was operating under the direction of law enforcement and not on his own accord in the distribution of drugs." (CV Doc. No. 1).

On the first day of trial, March 29, 2010, the Court emphasized to Petitioner that it was ultimately his decision as to whether to plead guilty or proceed to trial. (CR Doc. No. 125, pp. 6–9). At least four times, Petitioner affirmed that it was his desire to proceed to trial. (CR Doc. No. 125, pp. 6–12). Petitioner ultimately made the decision to proceed to trial on his own accord. (CR Doc. No. 125, pp. 6–9).

Furthermore, the record reflects that it was Petitioner's own contention that he was operating under the direction of law enforcement. When explaining why he desired to proceed to trial, Petitioner asserted: "I felt like that I was used. . . . I'm here because of somebody else. . . . I didn't done nothing wrong, no more than what I was instructed to do." (CR Doc. No. 125, pp. 9–10). It is disingenuous for the Petitioner to disclaim the public authority defense and argue that it was concocted by counsel when he so clearly embraced it himself from the outset.

Finally, the public authority defense that Petitioner advanced was not unreasonable. In

3

fact, the Court instructed the jury to consider whether Petitioner had a reasonable belief that he was acting under the authority of the police. (CR Doc. No. 97). Consequently, the defense asserted did not fall outside the bounds of effective advocacy delineated in Strickland.

Accordingly, the Court finds that Petitioner is not entitled to any relief under Ground One of his § 2255 motion.

**B. Ground Two**

In Ground Two, Petitioner argues that appellate counsel was ineffective for failing to raise a sentencing challenge pursuant to Kimbrough v. United States, 552 U.S. 85 (2007). (CV Doc. No. 1). Petitioner contends that the Court had the discretion to determine whether the 100-to-1 crack to powder ratio used in determining his guideline sentencing range produced a sentence greater than necessary to achieve the goals of sentencing. (CV Doc. No. 1).

Generally, the Strickland standard of ineffectiveness of counsel applies to counsel at the appellate level as well as the trial level. See Eagle v. Linahan, 279 F.3d 926, 938 (11th Cir. 2001). A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689–90. Strickland encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. White v. Singletary, 972 F.2d 1218, 1221 (11th Cir. 1992).

Here, appellate counsel's decision not to incorporate a Kimbrough argument was a judgment call, within the bounds of counsel's discretion. Furthermore, Petitioner cannot show that he suffered prejudice as a result of counsel's chosen appellate strategy. Accordingly, because Petitioner has not established deficient performance by appellate counsel under Strickland, Ground Two of the § 2255 motion is denied.

4

**C. Ground Three**

In Ground Three, Petitioner argues that trial counsel rendered ineffective assistance by failing to argue that, by virtue of Petitioner's health status, a 240-month sentence was a de facto life sentence. (CV Doc. No. 1). Because Petitioner's health status was raised by counsel at sentencing and identified within the Presentence Report, and because the Eleventh Circuit upheld the sentence as substantively reasonable, the Court rejects this argument.

The transcript of Petitioner's sentencing proceedings clearly reflects that counsel argued that "[g]iven his physical health, a 10-year sentence for Mr. Hargrove may very well prove to be a life sentence." (Doc. No. 119, p. 17). The Court considered this factor in its analysis, asking counsel to elaborate on Petitioner's "life threatening illness," and counsel proceeded to clarify that Petitioner was HIV-positive. (Doc. No. 119, p. 18).

Furthermore, on appeal, the Eleventh Circuit examined the trial court's analysis of the § 3553(a) factors and concluded that the 240-month total sentence was substantively reasonable. United States v. Hargrove, 424 F. App'x 926, 930 (11th Cir. 2011) (per curiam). Consequently, Petitioner's argument under Ground Three is without merit.

**III. Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that Petitioner's § 2255 motion is **DENIED**. The clerk is directed to enter judgment against Petitioner in the civil case and then to close the case.

5

# CERTIFICATE OF APPEALABILITY AND

# LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a Certificate of Appealability ("COA"). Id. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, his is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Tampa, Florida, this 15th day of March, 2012.

*/s/ Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Pro se Petitioner
Counsel of Record